The Philadelphia Bourse *v.* William C. Downing and Robert W. Downing, Jr., Copartners, trading as Downing Brothers, Appellants.

*Contract—Rescission of—Stock subscription—Misrepresentation.*

Benefits to be derived from the founding of an institution to the stock of which the defendant was invited to subscribe, may or may not result as alleged, but disappointment as to the result cannot be set up in defense to a suit to recover a subscription to stock when the subscriber had quite as good opportunities of judging as the person who solicited and secured the subscription.

*Practice, C. P.—Insufficient affidavit—Contract—Misrepresentation.*

An affidavit is insufficient, which, setting up two distinct representations as inducing a subscription to stock of a corporation, is indefinite in its allegations as to which is false; it is insufficient moreover, when alleging mere expressions of opinion, it fails to aver a distinct statement of material

fact known to the solicitor and unknown to the subscriber, which if false would justify a rescission of the contract.

Argued Dec. 15, 1897. Appeal, No. 138, Oct. T., 1897, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1893, No. 726, for want of a sufficient affidavit of defense. Before WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit to recover subscription to the capital stock of the Philadelphia Bourse amounting to $500 with interest from respective dates of calls thereon.

The statement alleged that defendant subscribed for ten shares par value $50.00 of the capital stock of the Philadelphia Bourse, to which the terms of the subscription were fully complied with, and which became due on the first days of the months of April, May and June. That demands for said payments were duly made upon the days and payment refused. Defendants filed the following affidavit and supplemental affidavit of defense.

The affidavit of defense was as follows :

Deponent avers that on or about December 10, 1891, the agent of the said plaintiff, specially authorized for that purpose, did solicit the subscription of the said defendants to the capital stock of the said plaintiff, and acting within the scope of the said authority, did represent to the said defendants, that all of the largest retail coal dealers in the city of Philadelphia had or were about to subscribe to the said stock, and that the enterprise was intended to foster and encourage the trade of the retail coal dealers in the city of Philadelphia, and who, if thus interested as stockholders, would be of service to each other.

Deponent avers that the said representations so made were false and were made with the intention of deceiving and misleading the said defendants; wherefore and whereby the said defendants do elect to rescind the said contract for said subscription to the stock of the plaintiff, and repudiate all liability thereunder.

The supplemental affidavit of defense was as follows :

That the representations referred to in the affidavit of defense heretofore filed, made to defendants by said agent of plaintiff, were false, and at the time they were so made they were known

592     PHILADELPHIA BOURSE *v.* DOWNING.

Statement of Facts—Opinion of the Court.     [6 Pa. Superior Ct.

by said agent to be false. That said false and fraudulent mis-representations were the inducing cause to obtain the said sub-scription of these defendants, and said subscription was made solely and entirely by reason of the said misrepresentations being made to these defendants, and believed and relied upon by them, and that said subscription would not have been made except that the defendants relied and believed that the state-ments and representations made by the agent of the said plain-tiff at the time of obtaining the said subscription were true. That these defendants did elect to rescind the said contract to subscribe to the stock of the said plaintiff as soon as the fraud practiced upon them, as above referred to and set forth in the original affidavit of defense, was discovered by them.

Judgment for plaintiff for $500 with interest. Defendant appealed.

*Error assigned* was making the rule absolute for judgment for want of a sufficient affidavit of defense.

*F. R. Shattuck*, for appellants.—There is no distinction to be drawn between the facts in this case and those in the case of Lare v. Westmoreland Specialty Company, 155 Pa. 33. To the same effect, also, is the case of Howard, Receiver, v. Turner, 155 Pa. 349.

*Charles A. Chase*, with him *Charles C. Lister*, for appellee.— A subscription to a joint stock company is not only an under-taking to the company, but with all other subscribers, and even if fraudulent as between the parties is to be enforced for the benefit of the others in interest: Graeff v. R. R., 31 Pa. 489.

In Guarantee Co. v. Mayer, 141 Pa. 511, an allegation that a stock subscription was obtained upon the representation that branch offices would be established, which were not, was held to be insufficient to prevent summary judgment.

OPINION BY BEAVER, J., February 19, 1898:

The affidavit of defense in this case was clearly insufficient. It was indefinite. There are at least two distinct representa-tions set out in the affidavit. Which of them is alleged to be false? Upon which of them did the defendants rely? We

cannot tell.  It is important, from every point of view, that the affidavit should set forth whether they relied upon the representation " that all of the largest retail coal dealers in the city of Philadelphia had or were about to subscribe to the said stock " or upon that which alleged " that the enterprise was intended to foster and encourage the trade of the retail coal dealers in the city of Philadelphia and who, if thus interested as stockholders, would be of service to each other."

Independently of this, however, were the representations such as would justify the rescission of the contract set forth in the plaintiff's statement?  We think not.  At the most they constituted the expression of an opinion as to what would be done by the largest retail coal dealers in the city of Philadelphia, and as to the effect which such subscription would have in bringing these traders together for their mutual benefit.  There was no distinct statement of a material fact known to the person alleged to have been the agent of the plaintiff, and unknown to the defendants, which would justify the rescission of the contract. The benefits to be derived from the founding of the institution, to the stock of which the defendants were invited to subscribe, may or may not result as alleged, but as to this they had quite as good opportunities of judging as the person who secured their subscription.

There is no allegation that they made inquiry as to who the largest retail coal dealers, whose subscriptions were expected, were.  Indeed the answer to such a question would necessarily have been a matter of conjecture.  Equally difficult would it have been to determine who the largest retail coal dealers were.  Opinions as to that question would doubtless differ.  The representations lack all the essential elements necessary to establish fraud, which will justify the rescission of a written contract: Southern Development Co. v. Silva, 125 U. S. 247; Brown v. Eccles, 2 Pa. Superior Ct. 192.

The judgment is affirmed.